MAUREEN KEATING
1540 Cole Street
San Francisco, CA 94117
Phone:        (415) 810-4832
skaladebt@gmail.com

Plaintiff in pro per



FILED

OCT 3 0 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

MAUREEN KEATING,

    Plaintiff,

    v.

ROBERT CAMPBELL,CALIBER LAW GROUP,
REBECCA HOZUBIN, HOZUBIN &
ASSOCIATES, and CAROLINA CASUALTY
INUSRANCE COMPANY, and dies 1-20,
    Defendant.

CASE NO.: CV25    9360
JCS

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; JURY DEMAND

Comes now  Maureen Keating, Plaintiff as a Litigant in Person,  and hereby complains against Defendants for the following described wrongful acts, and as described in Exhibit 1 hereto:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity: Plaintiff is and

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
Page No. 1

was a citizen of California when substantial wrongful acts were taken against her; Defendants are citizens of Alaska, and on information and belief Iowa or North Carolina.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff suffered injury here.

3. Alaska substantive law governs the contractual, fiduciary, and unfair trade practice duties arising from Defendant Campbell's Alaska law practice and related insurer conduct.

## II. PARTIES

4. Plaintiff MAUREEN KEATING is an individual residing in San Francisco, California.

5. Defendant ROBERT CAMPBELL is an attorney licensed in Alaska and owner of CALIBER LAW GROUP, LLC, an Alaska law firm. Campbell previously represented Keating in a case against Nordstrom.

6. Defendant HOZUBIN MOBERLY & ASSOCIATES is an Alaska law firm that represented Campbell in litigation connected to Plaintiff's wage claims against a prior employer (Jason Skala of the Law Office of Jason Skala who is not a party to this lawsuit), who sued Campbell on a third-party basis for contribution and/or allocation of fault as a result of Skala's failure to pay Keating.

7. Defendant CAROLINA CASUALTY INSURANCE COMPANY is a foreign insurer that provided or managed professional liability insurance coverage and defense to Campbell.

8. Plaintiff is ignorant of the true names and capacities of DOES 1–10, inclusive, who participated in the acts alleged herein. Plaintiff will amend this Complaint to insert their true names and capacities when ascertained.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
*Page No. 2*

## III. GENERAL ALLEGATIONS

19. In or around September 2017, Campbell entered a co-counseling agreement with attorney Jason Skala in the Nordstrom consumer litigation, a putative class-action already filed by Skala. Campbell represented Plaintiff through approximately March 21, 2021, and functioned as sole counsel from December 2018 until it was resolved in 2021. During this period, Campbell required Keating to work for free as his paralegal on the case.

10. In June 2021, in discovery responses in Keating v. Skala, Campbell denied that he had employed Plaintiff as his paralegal. Campbell filed declaratioins in the Nordstrom case asserting that Keating was paralegal. He also sought fees for paralegal work performed by her for his benefit. Campbell later testified that this denial was a 'miscommunication' and that he did, in fact, employ Plaintiff, but he stated his defense counsel instructed him not to correct or withdraw the denial, allowing a false record to persist and mislead the court.

11. Keating contends on information and belief that the Hozubin and Carolina Casualty defendants conspired to provide a defense to Campbell although he was subject to an exclusion under the coverage of the policy as Keating was his employee and an insured. Keating contends that the parties did this to undermine the value of her claims against Skala and that Campbell participated so that he would benefit from an insurer paid defense to Skala's lawsuit.

12. On October 30, 2023, although not sued by Plaintiff, Campbell as third-party defendant filed a motion to suspend prejudgment interest on Plaintiff's wage claims against Skala—an effort to diminish Plaintiff's recovery and protect his and his insurer's financial exposure, not to advance a legitimate defense. Moreover, the Hozubin firm failed to cite governing authority that was was favorable to Keating. Keating incurred attorney's fees and other damages.

13. On or about March 30, 2024, Campbell joined motions filed by Skala containing factual assertions Campbell knew were false and incorporating information learned from Plaintiff in confidence while he was her sole counsel. These filings were intended to reduce monies owed to Plaintiff by creating offsets against her Nordstrom settlement, monies which Nordstrom paid to settle overcharges and other consumer frauds.  The wage debts that Campbell sought to offset include FLSA wage and overtime claims against Skala, and include a period of time which Campbell has admitted he was informed by Skala that would misclassify Keating as an in independent contractor so as to avoid the payment of employer-paid withholding taxes. Campbell despite knowing that Skala's actions were unlawful, nevertheless seeks to conspired with this attorneys and/or insurance carrier to reduce the amount of money owed to Keating and/or the federal government.  Thus Keating contends that federal questions are involved in this lawsuit.

14. Each of the foregoing filings constitutes a distinct and independently actionable wrongful act (including abuse of process, breach of fiduciary duty, and contract violations). Alternatively, the conduct represents a continuing course of misconduct.

15. In October 2024, after sustained stress from the ongoing misuse of process and falsehoods, Plaintiff suffered a TIA. The related medical and emotional injuries were a direct and foreseeable result of Defendants' misconduct.

16. Under the discovery rule and separate-accrual principles, the limitations period for the tort claims alleged herein runs from the date of injury and discovery (October 2024) and is tolled by Defendants' continuing wrongful acts.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
*Page No. 4*

**FIRST CAUSE OF ACTION – ABUSE OF PROCESS (Against All Defendants)**

Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

17. Element 1 – Improper Use of Process: Defendants misused judicial process in Keating v. Skala by filing and joining motions—including Campbell's October 30, 2023 motion to suspend prejudgment interest and the March 30, 2024 joinders—without legitimate adjudicative purpose and for the ulterior purpose of limiting Plaintiff's recovery and protecting insurer exposure.

18. Element 2 – Ulterior Purpose: The filings were designed to obstruct Plaintiff's wage recovery and to manipulate outcomes unrelated to any proper defense.

19. Element 3 – Damages and Accrual: Plaintiff suffered delay, added expense, severe emotional distress, and a stroke in October 2024. The claim is timely because accrual began upon injury and discovery and is further preserved by the continuing-tort doctrine.

20. Each discrete filing is independently actionable and also part of a continuing course of abuse.

**SECOND CAUSE OF ACTION – CIVIL CONSPIRACY (Against All Defendants)**

Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

21. Defendants combined, agreed, and acted in concert to accomplish unlawful objectives (including abuse of process and concealment of known falsehoods) or lawful objectives by unlawful means, including the October 2023 and March 2024 filings and the instruction not to correct the record.

22. At least one conspirator committed one or more overt tortious acts in furtherance of the conspiracy, causing Plaintiff's damages described herein.

1
2   **THIRD CAUSE OF ACTION – BREACH OF CONTRACT (SUBSEQUENT VIOLATION)**
3   **(Against Campbell and Caliber Law Group, LLC)**
4           Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.
5
6   23. A valid attorney-client agreement existed between Plaintiff and Campbell. Plaintiff
7   performed all obligations or was excused.
8   24. Campbell's post-representation actions—including his October 2023 and March 2024
9   filings adverse to Plaintiff—constitute new and independent breaches of contractual duties,
10  including continuing duties of loyalty, confidentiality, and good faith owed with respect to
11
12  matters arising from the representation.
13  25. Plaintiff suffered economic and emotional damages as a proximate result.
14
15  **FOURTH CAUSE OF ACTION – BREACH OF THE COVENANT OF GOOD FAITH AND**
16  **FAIR DEALING (Against Campbell and Caliber Law Group, LLC)**
17
18          Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.
19  26. Campbell owed Plaintiff an implied covenant of good faith and fair dealing arising from their
20  agreement.
21
22  27. By acting in bad faith to undermine Plaintiff's recovery and by perpetuating known
23  falsehoods, Campbell deprived Plaintiff of the benefits of the bargain and caused compensable
24  harm.
25
26
27
28

**FIFTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY (Against Campbell)**

Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

28,  Campbell owed fiduciary duties of loyalty, confidentiality, and candor to Plaintiff as her former attorney and employer in matters substantially related to his representation.

29. By filing adverse motions, using or enabling the use of confidential client information against Plaintiff, and failing to correct a known falsehood, Campbell breached those duties, proximately causing economic loss, severe emotional distress, and physical injury.


**SIXTH CAUSE OF ACTION – FRAUD AND MISREPRESENTATION (Against Campbell and Insurer Defendants)**

Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

30. Defendants made false statements or concealed material facts, including denying Plaintiff's paralegal employment and endorsing false assertions in court filings, with knowledge of falsity or reckless disregard for the truth.

31, Defendants intended that courts and parties rely on these statements to reduce Plaintiff's recovery and protect insurance coverage. Plaintiff reasonably relied or was harmed by the court's reliance, resulting in damages.

## SEVENTH CAUSE OF ACTION – VIOLATION OF ALASKA UNFAIR TRADE PRACTICES ACT (AS 45.50.471 ET SEQ.) (Against All Defendants)

Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

32. Defendants engaged in unfair or deceptive acts or practices in the course of their business, including misrepresenting professional obligations, concealing conflicts, and using litigation tactics to mislead and harm Plaintiff.

33. Defendants' conduct was willful and knowing, entitling Plaintiff to treble damages and fees under AS 45.50.531(a).

## EIGHTH CAUSE OF ACTION – DECLARATORY RELIEF (Against All Defendants)

Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

34. An actual controversy exists concerning Defendants' continuing duties and the lawfulness of their litigation conduct.

35. Plaintiff seeks a declaration that Defendants' continued reliance on known falsehoods, adverse use of confidential information, and misuse of process are unlawful and must cease.

## NINTH CAUSE OF ACTION – INJUNCTIVE RELIEF (Against All Defendants)

Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

36. Legal remedies are inadequate to prevent ongoing harm. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants from further misuse of process and adverse use of confidential client information and requiring reasonable corrective measures.

1

2  **TENTH CAUSE OF ACTION – INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS**

3  **(Against All Defendants)**

4          Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

5

6  37. Defendants' conduct—including the October 30, 2023 motion, the March 30, 2024 joinders,

7  and the instruction not to correct a known false denial—constitutes extreme and outrageous

8  conduct undertaken with intent to cause or with reckless disregard of the probability of causing

9  severe emotional distress.

10  38. This conduct caused Plaintiff severe emotional distress culminating in a TIA in October

11  2024. Plaintiff seeks compensatory and punitive damages.

12

13

14  **PRAYER FOR RELIEF**

15  a. Compensatory and consequential damages according to proof;

16  b. Treble damages and fees as authorized by AS 45.50.531(a);

17

18  c. Punitive and exemplary damages for willful and malicious conduct;

19  d. Declaratory and injunctive relief as pleaded;

20  e. Costs of suit and any applicable attorneys' fees; and

21  f. Such other and further relief as the Court deems just and proper.

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
*Page No. 9*

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: _____October 30 2025_____

Respectfully submitted,

MAUREEN KEATING

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MAUREEN KEATING, | ) |
| Plaintiff, | ) |
| vs. | ) |
| JASON SKALA, individually, and dba<br>LAW OFFICE OF JASON SKALA,<br>LLC, CORINNE ROLLMAN,<br>Individually and dba PRIME TECH,<br>and Does 2-20, inclusive, | ) |
| Defendants. | ) |
| JASON SKALA, and LAW OFFICE OF<br>JASON SKALA, LLC, | ) |
| Third-Party Plaintiffs. | ) |
| vs. | ) |
| ROBERT CAMPBELL and CALIBER<br>LAW GROUP, LLC, | ) |
| Third-Party Defendants. | ) Case No. 3AN-19-08464CI |

<div style="writing-mode: vertical">Hozubin, Moberly & Associates<br>711 M Street, Suite 2, Anchorage, Alaska 99501<br>P: 907.276.5297  F: 907.276.5291<br>HM.Admin@akdefenselaw.com</div>

**THIRD-PARTY DEFENDANTS' NOTICE OF OMNIBUS JOINDER IN
THE SKALA DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Third-Party Defendants, Robert Campbell and Caliber Law Group LLC (hereinafter "Campbell"), by and through counsel of record, Hozubin, Moberly & Associates, hereby file their Omnibus Joinder in the Skala Defendants' recently filed dispositive motions.

THIRD-PARTY DEFENDANTS' NOTICE OF OMNIBUS JOINDER IN THE SKALA DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT
*Keating v Skala, et al*
3AN-19-08464 CI
Page 1 of 3

A    EXHIBIT 1

More specifically, Campbell joins in the legal arguments as advanced in each of the Skala Defendants' respective dispositive motions to the extent that the parties are seeking to allocate fault to Campbell for any or all of those claims. These motions include the following:

- *Motion for Partial Summary Judgment on Plaintiff's First Cause of Action for Breach of Employment Contract*, Case Mot. No. 103 (Mar. 21, 2024);

- *Motion for Summary Judgment on Plaintiff's Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing in the Employment Contract*, Case Mot. No. 106 (Mar. 21, 2024);

- *Motion for Summary Judgment on Plaintiff's Third Cause of Action for Violation of the Fair Labor Standards Act [FLSA]*, Case Mot. No. 107 (Mar. 21, 2024);

- *Motion for Summary Judgment on Plaintiff's Fourth Cause of Action for Violation of Alaska Wage and Hour Act*, Case Mot. No. 108 (Mar. 21, 2024);

- *Motion for Summary Judgment on Plaintiff's Fifth Cause of Action for Repudiatory Breach of Contract*, Case Mot. No. 104 (Mar. 21, 2024);

- *Motion for Summary Judgment on Plaintiff's Seventh Cause of Action for Violation of the Unfair Trade Practices and Consumer Protection Act*, Case Mot. No. 102 (Mar. 19, 2024); and

- *Motion for Summary Judgment on Plaintiff's Eighth Cause of Action for Fraud and Deceit*, Case Mot. No. 110 (Mar. 26, 2024).

Hozubin, Moberly & Associates
711 M Street, Suite 2, Anchorage, Alaska 99501
P: 907.276.5297  F: 907.276.5291
HMAdmin@akdefenselaw.com

THIRD-PARTY DEFENDANTS' NOTICE OF OMNIBUS JOINDER IN THE SKALA DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
*Keating v Skala, et al*
3AN-19-08464 CI
Page 2 of 3

A

DATED this 28th day of March, 2024.

HOZUBIN, MOBERLY & ASSOCIATES
*Attorneys for Third-Party Defendants*

By:  s/Rebecca J. Hozubin/
Rebecca J. Hozubin
Alaska Bar No. 9806016
Email: rebecca@akdefenselaw.com

CERTIFICATE OF SERVICE
The undersigned hereby certifies that
on the 28th day of March, 2024,
a true and correct copy of the foregoing
was served on the following via EMAIL:

Kimberlee A. Colbo, Esq.
Hughes White Colbo & Tervooren, LLC
4241 B Street, Suite 202
Anchorage, AK 99501
Email:  kcolbo@hugheswhite.com
Email:  courtdocument@hugheswhite.com
[Attorney for Defendants and Third-Party Plaintiffs]

Pamela D. Weiss, Esq.
Guess & Rudd P.C.
1029 West 3rd Avenue, Suite 400
Anchorage, AK 99501
Email: pweiss@guessrudd.com
Email: law@guessrudd.com
[Attorney for Defendants Corrine Rolfman d/b/a Prime Tech]

Maureen Keating, *Pro se*
Email: skaladebt@gmail.com
[Pro se Plaintiff]

HOZUBIN, MOBERLY & ASSOCIATES

By: s/Carol L. McNeese